Filed 12/14/20 Santsche v. Hopkins CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KIMBERLY R. SANTSCHE, <br><br> Plaintiff and Respondent, <br> v. <br> JERMAINE A. HOPKINS, <br><br> Defendant and Appellant. | A158007, A158468, A159025 <br><br> (Humboldt County <br> Super. Ct. No. CV180293) |

MEMORANDUM OPINION[1]

Jermaine Hopkins, appearing in propria persona, appeals from numerous trial court orders dated between June and September 2019. The orders were entered after we ruled in his favor in a prior appeal, in which he challenged the trial court's denial of his special motion to strike under California's anti-SLAPP statute, Code of Civil Procedure section 425.16.[2] (*Santsche v. Hopkins* (Mar. 26, 2019, A154559, A154734) [nonpub. opn.] (*Santsche I*).) Hopkins fails to explain why the orders at issue—by which the trial court (1) complied with the *Santsche I* remittitur by *granting* his anti-

---

[1] We resolve this case by a memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

[2] SLAPP is an acronym for "strategic lawsuit against public participation." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85.) All further statutory references are to the Code of Civil Procedure.

SLAPP motion and dismissing the case and (2) rejected his subsequent attempts to file documents in the closed action—are subject to reversal. Accordingly, we affirm.

This case stems from Hopkins's rental of a storage unit from a Eureka company where Kimberly Santsche was employed as the general manager. In April 2018, Santsche filed a petition for a civil harassment restraining order against Hopkins (the petition). In response, he filed an anti-SLAPP motion seeking to have the petition stricken. The trial court denied the motion in June 2018, and Hopkins appealed, initiating *Santsche I*. Concluding that the petition rested on allegations of constitutionally protected conduct, we reversed and directed the trial court to dismiss the petition, without prejudice to Santsche's filing of a petition premised on unprotected activity by Hopkins. The remittitur in *Santsche I* issued on May 31, 2019.

Meanwhile, shortly after Hopkins appealed from the denial of his anti-SLAPP motion in *Santsche I*, the trial court entered an order confirming that the proceedings before it were thereby stayed. (See *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 186 (*Varian Medical*) [appeal from denial of anti-SLAPP motion "automatically stays all further trial court proceedings on the merits upon the causes of action affected by the motion"].) Hopkins appealed from the order confirming the appeal-related stay, initiating *Santsche v. Hopkins* (A154874) (*Santsche II*). On May 30, 2019— the day before the remittitur issued in *Santsche I*—we dismissed *Santsche II*, holding that the order confirming the stay was not an appealable order. The remittitur in *Santsche II* issued on August 6, 2019.

Between July and November 2019, Hopkins appealed from several trial court orders, and we consolidated the resulting three appeals. Hopkins

2

began by filing four notices of appeal that were purportedly from orders dated June 5, July 25, July 26, and July 29, 2019, which initiated A158007. In fact, the three notices of appeal from the July 2019 orders pertain to only two orders: one executed on July 25 and filed July 26, which we will refer to as the July 26 order, and one dated July 26 and executed on July 29, which we will refer to as the July 29 order. The June 5 order granted Hopkins's anti-SLAPP motion and dismissed the petition without prejudice, as required by the *Santsche I* remittitur. The July 26 order, an amended version of the June 5 order, likewise dismissed the petition without prejudice. And the July 29 order rejected various filings by Hopkins, including his cross-request for a civil harassment restraining order, because the action had been dismissed and "[a] new case will need to be filed to pursue further action between the parties."

After filing the notices of appeal under A158007, Hopkins filed two more notices of appeal. The first, from an order dated August 22, 2019, initiated A158468, and the second, from an order dated September 24, 2019, initiated A159025. Both the August 22 and September 24 orders rejected Hopkins's successive attempts to request a civil harassment restraining order and ordered him not to file further documents in the case.

Hopkins claims that the five orders at issue "are null and void because the trial court was without jurisdiction to enter [them]," since "the case was automatically stayed because remittitur had not yet been issued in Case No. A154874"—i.e., *Santsche II*. Although it is true that the June 5, July 26, and July 29 orders were entered before the *Santsche II* remittitur issued, the pendency of *Santsche II* did not deprive the trial court of jurisdiction to enter them. As we have said, *Santsche II* involved a nonappealable order that confirmed there was a stay due to *Santsche I*. But that stay dissolved once

3

the *Santsche I* remittitur issued on May 31, 2019, and *Santsche II* itself did not effect a complete stay under *Varian Medical* because it was not an appeal from the denial of an anti-SLAPP motion.

As for the August 22 and September 24 orders, Hopkins does not attempt to explain why *Santsche II* would affect them, given that the remittitur in that appeal issued on August 6, 2019.  Rather, for the first time in his reply brief, Hopkins implies that these two orders are void because they were entered after July 30, 2019, the date on which he filed his first notice of appeal in A158007, from the July 26 order.  But he offers no theory for why his appeal of an order *granting his own anti-SLAPP motion* would automatically stay proceedings in the trial court, and we reject the notion.

Hopkins also suggests that the June 5 and July 26 orders are separately subject to reversal because they were issued "by a disqualified judge or by a judge who consented to his disqualification by failing to serve [Hopkins] with the disqualified judge's answer to [Hopkins's] statement of disqualification."  The two orders were signed by different judges but are substantively the same, suggesting the earlier judge's disqualification as a possible reason the otherwise duplicative later order was entered.  But Hopkins provides no factual context or legal authority to support his claim on this point.  As we decline " 'to search the record to ascertain whether it contains support for [his] contentions,' " we treat the claim as forfeited. (*Salas v. Department of Transportation* (2011) 198 Cal.App.4th 1058, 1074.)

Next, Hopkins makes the baffling argument that Santsche was "barred by law from filing an amended complaint" once he filed his anti-SLAPP motion.  But there is no indication Santsche *ever* filed an amended petition. Indeed, the July 29, August 22, and September 24 orders would not have been necessary if she had, since they rejected Hopkins's persistent attempts

4

to file documents in a closed case. And even if Santsche had chosen to file an amended petition, she was authorized to do so once the trial court followed our directive in *Santsche I* and dismissed the petition without prejudice.

Finally, Hopkins claims that "[a] defendant who prevails on an anti-SLAPP motion, in whole or in part, is statutorily entitled to attorney's fees and costs," and he asks us to "direct the trial court to award [him] the fees and costs that he incurred below and on appeal." Although it is true that a prevailing party on an anti-SLAPP motion is entitled to attorney fees and costs (§ 425.16, subd. (c)(1)), we already resolved this issue in *Santsche I.* Specifically, while we awarded him his costs on appeal in that case, we indicated that he should seek his costs below in the trial court in the first instance, and we explained that he was not entitled to attorney fees as a party acting in propria persona. (See *Ramona Unified School Dist. v. Tsiknas* (2005) 135 Cal.App.4th 510, 524–525.) Consistent with our discussion, the trial court indicated in the June 5 and July 26 orders that Hopkins should file a memorandum of costs if he wished to recover them, but none of the other orders at issue involve those costs, much less purport to deny them.

The trial court's orders are affirmed. Santsche is awarded her costs on appeal.

_____

Humes, P.J.

WE CONCUR:

_____

Margulies, J.

_____

Banke, J.

*Santsche v. Hopkins*  A158008, A158468, A159025